been filled with hot tar by the road maintenance men and his right foot and ankle were severely burned. He was treated by a local physician and afterwards was taken to the hospital for treatment and there remained for thirty days and then brought home and remained in bed for three weeks.

The evidence shows that the foot was severely burned and that at least twenty-five per cent permanent loss of the foot. The cost of medical attention required in treating the injuries amounted to $75.00 and the hospital bill amounted to $88.90, or a total of $163.90. It is alleged that his injuries are permanent and he asked an award against the State for $10,000.00.

The declaration shows the State with the duty to use reasonable care to keep and maintain the road in a reasonable safe condition for the use of the public travel over it, and avers it did not do so, but wrongfully, carelessly and negligently failed and omitted to display and maintain any rail, guard or warning signal or device at or near the expansion point so filled with the hot tar.

In constructing and maintaining the hard surfaced roads, the State acts in its governmental capacity and it is not required to build them or maintain them in any particular manner. The sovereign acts of the State cannot be brought in question in this or any other court. Claimant contends that equity and good conscience requires that he be compensated by the State for the injury he suffered regardless of the legal liability to do so and bases his argument upon the language of Sub-section 4 of Section 6 of the Act creating the Court of Claims, which gives the court power to hear and determine all claims which the State should in equity and good conscience discharge and pay.

The Attorney General in his statement claims that this case should be considered an exception to the general rule; that the doctrine of *respondeat superior* does not apply to the State and cites the following cases;

> *McGhee* vs. *State*, 4 C. C. R. 144;
> *Engleman* vs. *State*, 5 C. C. R. 242;
> *Williams* vs. *State*, 5 C. C. R. 368;
> *Stachowiak* vs. *State*, 5 C. C. R. 275;
> *Schnepp* vs. *State*, 6 C. C. R. 124;
> *Hanson, et al.* vs. *State*, 6 C. C. R. 548.

The Attorney General on account of the tender age of the injured minor and the extent of his injuries and the exceptions cited in the above cases recommends that the medical and hospital bills of $163.90 be paid and an award of $2,500.00 damages, making a total of $2,663.90 be awarded the claimant.

Therefore, upon said recommendation of the Attorney General an award is hereby recommended in the sum of $2,663.90 in full compensation of damages, medical and hospital bills.

Mr. JUSTICE THOMAS delivered the opinion of the court:

